FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 04 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DANIEL J. HARTE,

              Plaintiff,

              v.

CITY OF NEW YORK; MAYOR BILL
DE BLASIO; ELIZABETH GLAZER;
CHIEF TERENCE A. MONAHAN;
CHIEF THOMAS P. GALATI; CAPTAIN
WILLIAM E. GLYNN; CAPTAIN TIMOTHY
J. SKRETCH; INSPECTOR JOHN CHELL;
COMMISSIONER JAMES P. O'NEILL;
SERGEANT ROXANNA HOGAN; SERGEANT
JOHN MAGLUILO; SUPERVISOR RICHARD
ROES; POLICE OFFICER GABRIELLA
ALAMONTE; POLICE OFFICER JOHN WHITE;
POLICE OFFICER JANE SABANSKA; POLICE
OFFICERS JOHN DOES; EMS TECHNICIANS
JOHN DOES; OBUNIKE EDOKWE, M.D.;
ADRIAN LLEWELLYN, PA; TOXICOLOGIST
JOHN DOE; NURSE JANE DOE; SOCIAL
WORKER JOHN DOE; DEPUTY COMMISSIONER
JOSEPH REZNICK; INTERNAL AFFAIRS JANE
PEREZ; DETECTIVE JANE LIND; INTERNAL
AFFAIRS JOHN DOES; INVESTIGATOR ROLANDO
VASQUEZ; SUPERVISOR JOHN GIASSANTE; JOHN
ALEXANDER, ESQ.; ALEXIS DUNCAN, ESQ.;
COURT REPORTER DANIELLE PAONE-DAILEY;
LAURA M. MIRANDA, ESQ.; DAWN M. FLORIO,
ESQ.; GLORIA C. KEUM, ESQ.; PETER HOWARD
TILEM, ESQ.; HILLARY M. NAPPI, ESQ.; ROBERT
M. SCHECHTER, ESQ.,

              Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-1029 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge.**

Daniel J. Harte ("Plaintiff") brings this *pro se* action under 42 U.S.C. §§ 1983 and 1985 against several defendants. On February 21, 2019, the Court granted plaintiff's application to proceed *in forma pauperis*. For the reasons discussed below, the complaint is dismissed and plaintiff is granted thirty (30) days leave from the date of this Order to file an amended complaint.

1

## BACKGROUND

Plaintiff's 52-page complaint, naming 37 defendants, is difficult to follow. Plaintiff alleges he was falsely arrested on November 16, 2017, by New York Police Department ("NYPD") Officer Gabriella Alamonte, following his involvement in a fight at a bar in Brooklyn, New York. Compl. at 17.[1] Plaintiff states he was previously diagnosed with a "personality disorder," and that he is the victim of a "chain conspiracy" in relation to a prior criminal proceeding in New Jersey and that the "chain conspiracy [continues] until present [by] President of the United States Donald Trump, Director of National Intelligence Dan Coats, Secretary of the Air Force Heather A. Wilson, US Army Commander Paul M. Nakasone, Secretary of Homeland Security Kirstjen M. Nielsen, NY/NJ US Marshals Task Force," and others. *Id.* at 16, 38.

According to Plaintiff, the conspiracy against him continued after his November 16, 2017 arrest, and that "[b]y the time [plaintiff] arrived at the 94th Precinct there was already an undercover NYPD officer or joint actor private person 'John Doe' dressed in plain clothes waiting in the holding cell for him," and that this individual assaulted him, "in an attempt to prevent [plaintiff] from further federal communication and deny access to the courts." *Id.* at 17, 18. Plaintiff states that after this alleged incident, "3 NYPD PO's John Doe's who ran to their confederate's rescue after the assault but failed to ensure prompt medical treatment to the plaintiff and elicited cooperation from 2 FDNY EMS EMT's to file false ambulance call reports." *Id.* at 19.

Plaintiff further asserts that other NYPD officers acted "with the specific intent of assisting the police in covering up the true cause, nature and extent of [plaintiff's] injuries or status and proceedings in NJ. And on information and belief, all plotted the murder and with

---

[1] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

other 'J Doe' officers and 'J Does' supervisors and non[-]uniformed personnel at the 94th Precinct." *Id.* at 23. Plaintiff also alleges "FDNY EMS John Does EMT's filed fake ambulance call reports, Joint Actors Woodhull Hospital Dr. Obunike Edokwe MD and Adrian Llewellyn PA, [filed] fake patient discharge instructions [and] Woodhull Hospital John Does Toxicologist J Doe [filed a] fake report . . .." *Id.* at 26. According to plaintiff, "the defendants engaged in a cover up in order to conceal the wrongful and unlawful conduct taken against [plaintiff]." *Id.* at 31. Plaintiff seeks monetary damages. *Id.* at 51.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

However, the Supreme Court has held that a district court has "the authority to 'pierce the veil of the complaint's factual allegations'" when considering an *in forma pauperis* complaint. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A] court is not bound . . . to accept without

question the truth of the plaintiff's allegations. We therefore reject the notion that a court must accept 'as having an arguable basis in fact,' all allegations that cannot be rebutted by judicially noticeable facts." *Id.*

**DISCUSSION**

I. <u>Conspiracy Claims</u>

Section 1985 prohibits two or more persons from conspiring for the purpose of depriving any person of the equal protection of the laws or of equal privileges and immunities under the laws. *See* 42 U.S.C. § 1985. To adequately plead a Section 1985 claim, a plaintiff must allege: (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999).

A conspiracy "need not be shown by proof of an explicit agreement but can be established by showing the parties have a tacit understanding to carry out the prohibited conduct." *Id.* (internal citation omitted). In addition, Section 1985(3) requires that the conspiracy is motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus." *Mira v. Kingston*, 715 F. App'x 28, 30 (2d Cir. 2017) (summary order) (citing *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993)). A plaintiff must also demonstrate "with at least some degree of particularity, overt acts which the defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." *Roach*, 165 F.3d at 147. Here, Plaintiff's allegations simply fail to plausibly show that defendants entered into a conspiracy against him. *See Gallop v. Cheney*, 642 F.3d 364, 368

(2d Cir. 2011) ("[C]laims of conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.").

In addition, piercing the veil of the complaint, the Court finds Plaintiff's conspiracy claims, even under the very liberal reading afforded to *pro se* pleadings can be described only as frivolous and "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Gallop*, 642 F.3d at 368 ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic, or delusional."). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 25; *Raoul v. City of N.Y. Police Dep't*, No. 14-CV-1787, 2015 WL 1014204, at *2 (E.D.N.Y. Mar. 6, 2015) (Mauskopf, J.) (dismissing complaint where plaintiff's claims were "based purely on wide-ranging, incoherent allegations of a massive conspiracy by numerous federal, state, and local government entities to persecute him . . ..").

II. False Arrest Claim

Plaintiff's false arrest claim, as stated, also fails. A false arrest claim, brought pursuant to Section 1983, requires a plaintiff to name the arresting officer(s) as a defendant, and under New York state law, "a plaintiff must show that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003)).

Here, Plaintiff's false arrest claim may also reveal itself to be frivolous, but in light of this Court's duty to liberally construe *pro se* complaints, and in an abundance of caution, the

5

Court will allow Plaintiff leave to file an amended complaint in compliance with Rule 8(a) of the Federal Rules Civil Procedure to allege only a false arrest claim. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must provide a short, plain statement of claim to support his false arrest claim against the arresting officer(s) so that the defendant(s) have adequate notice of the claims against them. *See Iqbal*, 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted).

Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what Plaintiff is alleging and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." (internal quotation marks and citation omitted)).

## CONCLUSION

Accordingly, the complaint is dismissed. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). In light of this Court's duty to liberally construe *pro se* complaints, Plaintiff is granted 30 days leave from the date of this Order to file an amended complaint to allege a false arrest claim only, as discussed above. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

Plaintiff is directed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should Plaintiff elect to file an amended complaint to allege a false arrest claim, he must allege facts that support the elements of the claim and identify

defendants who personally violated his constitutional rights while acting under color of state law. Plaintiff must identify the defendants in both the caption and the body of the amended complaint. Plaintiff also must provide the dates and locations for each relevant event. Even if Plaintiff does not know the name of the individual, he may identify the individual as John or Jane Doe, along with descriptive information and place of employment.

Plaintiff is advised an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order. If plaintiff fails to comply with this Order within the time allowed, or cure the deficiencies discussed herein, judgment shall enter dismissing the action. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/WFK
WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
April 3, 2019